## Case No. 3,794.

### DENNIS v. EDDY et al.

[4 Fish. Pat. Cas. 423.] [1]

Circuit Court, N. D. New York. March, 1871. [2]

PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT—CHANGE OF FORM—PLOWS.

1. A claim for an "inclined shovel mold-board, formed and mounted substantially as described and constructed," highest at its outer edges, so as to form on each side of the standard a recess through which a portion of the earth may, after rising upon the mold-board, descend into the furrow in rear of the plow, is a claim for the mold-board, and does not include, as an essential element of the combination, an adjustable wheel which forms part of the "mounting" of the mold-board.

[See note at end of case.]

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]
[2] Reversed in 95 U. S. 560.

2. Nor does such a claim extend to every form of recess in the top of the mold-board, but it embraces only the curved form of the recesses shown in the mold-board of the patentee.

[See note at end of case.]

3. A mere change of form, when the instrument remains in substance and in its mode of operation the same, will not avail an alleged infringer.

4. But sometimes form is of the very substance of an invention, and change of form is invention itself.

This was a bill in equity filed [by Paul Dennis against Walden Eddy and others] to restrain the defendants from infringing letters patent [No. 19,412] for an "improvement in cultivators," granted to the complainant February 23, 1858, and reissued August 4, 1863 [No. 1,515]. The invention related to the class of cultivators known as shovel plows, and consisted of a peculiarly constructed mold-board, an adjustable gauge roller, and a point or share made separate from the mold-board, and attached to it in such a manner that the share and mold-board might be made to penetrate the soil at a greater or less depth, as desired. By means of two curved recesses on each side of the top of the mold-board, the soil was made to pass over the mold-board into the furrow, so that the surface was left in a mellow but level state, with all the weeds and grass cut up. The claim of the original patent was as follows: "The bar A, and mold-board B E, in combination with the adjustable rollers F; the whole being constructed and arranged substantially as and for the purpose set forth." The disclaimers and claims of the reissue will be found in the opinion of the court.

J. H. Dennis, for complainant.
E. Cowen, for defendants.

WOODRUFF, Circuit Judge. The specification annexed to the complainant's patent declares what he claims to have invented, and what he does not claim, in these words: "I do not claim broadly the idea of passing a portion of the earth over the mold-board into the furrow behind. Neither do I claim applying a movable mold-board to one of the outer edges of the share, as described in an application of J. Drummond, rejected October 25, 1844. Neither do I claim the use of projecting blades at the outer edges of the share, as described in the patent of B. Langdon, granted June 22, 1842, and others. But what I claim as new in my invention, and desire to secure by letters patent, is: 1. The inclined shovel mold-board B, formed and mounted substantially as described, and constructed highest at its outer edges, so as to form, on each side of the standard A, a recess C, through which recess a portion of the earth may, after rising upon the mold-board, descend into the furrow in the rear of the plow. 2. The combination with the beam A, and mold-board B, of the adjustable wheel F, arranged and operating substantially as and for the purposes specified."

Manifestly, the adjustable wheel F is the leading feature in the combination described in the second claim. The suit is founded upon a reissue of a prior patent, in which the combination of the wheel, mold-board, and hoe, was the only thing which the complainant claimed to be his invention. If the second claim in the reissued patent differs in construction and meaning from the sole claim in the original patent, it is in giving especial prominence to the use of the wheel F, in the combination claimed to be invented, and the importance of this member of the combination is made very prominent by the description of its uses; and the claim to its great utility is enlarged upon in the specification; by its revolving motion it diminishes friction; by its adjustability it controls the depth of the furrow. There is no claim nor proof that the defendants have used the wheel F. Their plows were entirely on a horizontal base bar, which was called, by the witnesses, a "shoe," sustaining the plow and forming a fulcrum on which the operator, by pressure on the plow-handles, raises the point of the share like the similar base formerly constructed of wood, on which plows rested and moved long before the plaintiff made any invention.

This shoe is not an equivalent for the wheel. It is neither like it in construction, nor in the office it performs. It is subject to all the friction, when the plow is in use, which the revolution of the wheel is claimed to avoid, and instead of being adjustable, it is fixed and permanent. So far, therefore, as the complainant relies upon the second claim, there is no cause of action.

It is argued, with much plausibility at least, that the first claim is also for the same combination, and though in different phrase, it means the same thing as the second, and nothing less or more; that is to say, the mold-board B, formed and mounted substantially as described, necessarily includes the beam and wheel, and therefore it describes the combination of the three as truly as the other, or if the term "mounted as described," includes also the other parts of the plow,

shown in the drawings, it is still a claim to a combination, which the defendants, who have not used the wheel, have not infringed.

My conclusion, however, is that this first claim is for the mold-board, and not for the combination. It is quite true that the manner of its employment to make it useful is described. That is usually done in specifying new and useful parts of a machine; and, unless on the mere description of the thing itself, its utility and the manner of its use are obvious, that should always be done in such manner that a mechanic, of proper skill, can not only construct the thing itself, but can give it practical application to the purpose for which it is useful.

But the claim of the complainant is confined within very narrow limits. He has no exclusive right to construct the mold-board in a shovel form. That he did not invent. He has no monopoly of mold-boards over which the earth will pass and fall into the furrow behind. He disclaims this in his specification, and, if otherwise, the proofs show that this was not new. He does not claim that its movable or detachable characteristic, in its attachment to a distinct and separate share, was new, and in terms he disavows any claim to the use of projecting blades on each side, or wings, as shown in the Langdon patent.

To this must be added, that he is not entitled to the exclusive construction of mold-boards so made that the end of the wing or point is higher than other parts of it, producing a passage way on each side of the upright bar of the plow, through which the earth may pass and fall into the furrow. This was accomplished in the plow described in the Langdon patent, and if the claim in the plaintiff's patent must be construed to include every form of recess or passage way, I should be compelled to pronounce it void.

There remains but a narrow field within which to define the complainant's invention, and that, in my opinion, embraces only the curved form of the recesses made in his mold-board. Mere form is often immaterial, and therefore it is always held, in regard to infringements, that a mere change of form, when the instrument remains in substance and in its mode of operation the same, will not avail an alleged infringer. But sometimes form is of the very substance of an invention, and change of form is the invention itself. Upon the evidence, and in view of the disclaimers by the complainant in his specification, I think that the invention in question is of the character last mentioned.

By curved recesses on either side of the central bar of the plow, the complainant accomplishes a useful result—recesses in that form do not appear to have been before made in such mold-boards. The proofs show that this construction is useful. It is not very clear to my mind why a square recess, or a mold-board straight upon its upper edge, with an elevated end or point at the extremity of the wing, would not be equally useful; but,

whether facility of construction, more perfect pulverization of the earth, or other advantage in its use, entitled it to a preference, I am of opinion that the complainant is entitled to it by his patent, and that any like shovel mold-board, with substantially the same curved recesses, is an infringement.

The mold-boards made by the defendants are, in this respect, substantially the same. That made before the reissue appears to be exactly identical, and to have been cast in the same precise pattern, a mold-board made by the complainant having probably been used as a pattern. That, however, being before the reissue, furnishes no ground for recovery.

The plows made by the defendants since the reissue are not substantially different; a very close comparison, it is true, shows that the length of the wings is not exactly the same, and the curvature of the recess is not precisely like the complainant's, but in substance and in practical operation they are alike. The complainant is entitled, therefore, to a decree enjoining the defendants against constructing that form of mold-board, and directing an account of their gains and profits, resulting from the manufacture and sale of mold-boards in that form.

[NOTE. The judgment was reversed by the supreme court on an appeal taken by defendant. That court held that the first claim of the patent was void for want of novelty and invention, and that the second claim was not infringed. Eddy v. Dennis, 95 U. S. 560.]